# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **YOLANDA JONES**, <br><br> Plaintiff, <br><br> -v- <br><br> **MCA COLLECTION AGENCY**, <br><br> Defendant. | Civil Case Number: <br><br> <u>**CIVIL ACTION**</u> <br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, YOLANDA JONES (hereinafter, "Plaintiff"), a Missouri resident, brings this Complaint by and through the undersigned attorneys against Defendant MCA COLLECTION AGENCY (hereinafter "Defendant" or "MCA").

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The Electronic Fund Transfer Act ("EFTA") of 1978 is intended to protect individual consumers engaging in electronic fund transfers ("EFTs"). This includes the use of debit cards, automated teller machines and automatic withdrawals from a bank account.

4. Congress enacted the EFTA to establish the rights and liabilities of consumers as well as the responsibilities of all participants in EFT activities.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

7. Plaintiff brings this action on behalf of herself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

8. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

9. Defendant's actions violated various sections of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA").

10. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

11. Plaintiff is a natural person and a resident of Missouri and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

12. Defendant MCA COLLECTION AGENCY ("MCA") is a collection agency with its principal office located at 2835A High Ridge Boulevard, High Ridge, Missouri 63049.

13. Upon information and belief, Defendant MCA is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. Defendant MCA is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Some time prior to November 2019, an obligation in the amount of $148.71 was allegedly incurred to Defendant WESTERN ANESTHESIOLOGY ASSOCIATES, INC ("WAAI").

16. The WAAI obligation arose out of a transaction in which medical services, which are the subject of the transaction, are primarily for personal or family purposes.

17. The alleged WAAI obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. WAII is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Some time prior to November 2019, Plaintiff received a phone call from an unidentified collection agency, seeking payment of a balance owed to WAII.

20. Distrustful of any such agency, with whom the Plaintiff had never dealt with before, Plaintiff placed a telephone call to WAAI directly in order to pay her account in full.

21. Upon information and belief, Plaintiff provided her debit card information to the representative of WAAI over the phone in order to process payment for the amount due of $148.71.

22. At that time, Plaintiff specifically told WAAI that she did not trust the collection agency that had been contacting her and that she did not want to provide that collection agency – whom she had no relationship with – with any of her personal payment information.

23. WAII understood and agreed to the Plaintiff's request, and took down Plaintiff's payment information.

24. Sometime after Plaintiff provided her payment information to WAAI, Plaintiff became aware of a debit to her bank account in the amount of $148.71.

25. Plaintiff did not recognize the name of the entity that debited her bank account for the $148.71; and she immediately contacted WAAI to inquire whether they had processed her payment.

26. The representative at WAAI informed Plaintiff that she (the WAAI representative) had provided Plaintiff's personal bank/debit card information to a third party, namely Defendant MCA COLLECTION AGENCY.

27. Defendant WAAI was not authorized to provide Plaintiff's bank/debit card information to Defendant MCA without her consent.

28. Defendant MCA failed to provide Plaintiff with any written authorization prior to withdrawing $148.71 from her bank account.

29. By processing electronic funds transfer transaction without prior authorization by the Plaintiff, the Defendant violated the EFTA and harmed the Plaintiff.

30. Defendant's actions caused the Plaintiff real harm, by subjecting the Plaintiff to deceptive collection practices in violation of her substantive rights to be free from such practices, and by obtaining the Plaintiff's personal information and funds, which Defendant was not entitled to receive..

31. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

32. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. § 1693

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendants violated section 15 U.S.C. § 1693 of the EFTA by:

    a. Failing to provide notice to Plaintiff in writing at least three business days prior to the electronic fund transfer in violation of 1693(e);

    b. Failing to obtain written authorization to withdraw funds in violation of 1693(e)(a).

35. By reason thereof, Defendant MCA COLLECTION AGENCY is liable to Plaintiff for judgment that Defendant's conduct violated the EFTA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692f *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant MCA's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

38. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable practices when attempting to collect a debt.

39. Defendant MCA violated said section by accepting and using Plaintiff's personal information to charge the Plaintiff money, when it knew that the Plaintiff did not consent to the use and dissemination of her personal information.

40. By reason thereof, Defendant MCA is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff statutory damages;

    (b)    Awarding Plaintiff actual damages;

    (c)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff such other and further relief as this Court may deem

just and proper.

Dated: March 9, 2020

By:   /s/ Yaakov Saks
Yaakov Saks, Esq.
STEIN SAKS, PLLC
285 Passaic Street
Hackensack, New Jersey 07601
Phone: (201) 282-6500 ext 101
Email: ysaks@steinsakslegal.com

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  March 9, 2020

By:    /s/ Yaakov Saks
Yaakov Saks, Esq.