UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00369-JCH |
| | ) | |
| MCA COLLECTION AGENCY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant MCA Collection Agency's Motion to Set Aside Entry of Default. (Doc. 11). Plaintiff has not responded to the motion, and the time do so has passed. For the reasons that follow, Defendant's motion will be **GRANTED** and the Clerk's Entry of Default entered on May 20, 2020 (Doc. 8) will be **SET ASIDE**.

Plaintiff filed this action on March 9, 2020. (Doc. 1). Defendant did not timely respond to Plaintiff's complaint, and so a Clerk's Entry of Default was entered against Defendant on May 20, 2020, following an unopposed motion for clerk's default filed by plaintiff on May 13, 2020. (Docs. 7, 8). Two days after the clerk's default was entered, defendant filed its present motion, asking that the default be set aside. Defendant's attorney explains that he became aware of the lawsuit in mid-March, when he was preoccupied by the multiple tasks necessary to prepare his firm for the emerging coronavirus pandemic crisis, and he neglected to calendar the deadline to respond.

A motion to set aside a clerk's default is governed by Federal Rule of Civil

1

Procedure 55(c). That rule provides a court authority to set aside a clerk's default on the basis of "good cause" shown. FED. R. CIV. P. 55(c).  In applying this standard, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).  It also looks to "whether the defaulting party has a meritorious defense and whether the other party would be prejudiced if the default were excused." *Id*. "[C]ontumacious or intentional delay or disregard for deadlines" are treated more harshly than "marginal failure[s]," the former having "rarely, if ever, [been] excused." *Id*.

Applying that standard here, the Court finds that while Defendant's neglect in failing to calendar the response deadline may have been careless, there is no showing that it was "intentionally concocted" or done in "bad faith." *Johnson v. Leonard*, 929 F.3d 569, 574 (8th Cir. 2019).  Additionally, Defendant responded within two days of the Clerk's Entry of Default being docketed—suggesting a commendable sense of urgency regarding its efforts to correct the oversight.  And Plaintiff did not respond to the motion, so the Court is left to presume that no serious prejudice to Plaintiff would result if it grants the motion. *See Maritz Inc. v. C/Base, Inc.*, 2007 WL 3120020, at *2 (E.D. Mo. Oct. 22, 2007) ("[P]rejudice may not be found from delay alone or from the fact that the defaulting party would be permitted to defend on the merits.").  The Court concludes that Defendant has shown sufficient "good cause" to justify setting aside the entry of Clerk's default.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Entry of Default (Doc. 11) is **GRANTED** as to the Clerk's Entry of Default entered on May 20,

2020 (Doc. 8), which is hereby **SET ASIDE**.

Dated this 29th day of June, 2020.

                                               /s/Jean C. Hamilton
                                               JEAN C. HAMILTON
                                               UNITED STATES DISTRICT JUDGE